## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JOHN D. GLENN, JR.,

              Petitioner,

    v.

WARDEN RACHEL THOMPSON,[1]

              Respondent.

Civil Action
No. 22-5675 (CPO)

**OPINION**

**O'HEARN, District Judge.**

Petitioner is a federal prisoner, and he is proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Respondent filed an Answer, (ECF No. 9), and a Supplemental Answer opposing relief. (ECF No. 16.)[2] Petitioner did not file a Reply. For the reasons set forth below, this Court will deny the Petition.

### I.      BACKGROUND

This case arises from Petitioner's challenge to the Bureau of Prisons ("BOP") calculation of his federal sentence computation. Petitioner was convicted of conspiracy to commit mail fraud, in Crim. No. 02-00671, and was sentenced in the District of New Jersey ("New Jersey") by the Honorable Freda L. Wolfson, Chief United States District Judge, on May 9, 2003, to 42-months

---

[1] This Court notes that the Respondent has indicated in the Answer, (ECF No. 9, at 5), that the Warden is the proper respondent, and thus will direct the Clerk to substitute Warden Stevie Knight for Warden FCI Ft. Dix as the proper respondent. (*Id.*) However, the current warden of FCI Ft. Dix is Rachel Thompson.

[2] Respondent's Answer was filed on April 26, 2023. (ECF No. 9.) On February 2, 2024, this Court ordered Respondent to supplement the answer to address the following: (1) whether a district judge has the authority to make a sentence run concurrent to a yet-to-be imposed federal sentence; (2) whether BOP Program Statement 5880.28, or any other pertinent BOP guidance, contemplates such a scenario in calculating prior custody credit; and (3) whether the BOP's calculation of Petitioner's prior custody credit is consistent with BOP guidance. (ECF No. 11.) Respondent filed a Supplemental Answer on March 14, 2024. (ECF No. 16.)

imprisonment followed by three years of supervised release. (ECF No. 9, at 3.) On October 14, 2011, Judge Wolfson sentenced Petitioner to a time-served sentence of twelve months after Petitioner violated the terms of his supervised release. (ECF No. 9-2, at 5.)

On May 14, 2015, Petitioner was arrested and detained on charges related to conspiracy to commit bank fraud, bank fraud, and aiding and abetting in an unrelated case out of the Eastern District of Pennsylvania ("Pennsylvania"), Crim. No. 15-00099. (Crim. No. 15-00099, ECF Nos. 6, 9 (E.D. Pa.)). Following his arrest, Petitioner remained in the custody of the United States Marshals Service. (ECF No. 9, at 3.) The District of New Jersey lodged a detainer against Petitioner for another violation of the terms of his supervised release in Crim. No. 02-00671. (ECF No. 9-4, Att. A, at 2.)

On July 11, 2016, Petitioner pled guilty to violating the terms of his supervised release in Crim. No. 02-00671 and, upon revocation of supervised release, was sentenced by Judge Wolfson to imprisonment "for a term of time served (6 months)", stating "[i]t is this Court's intent that the defendant be given credit for time served with no additional time to be served in custody on the offense." (Crim. No. 02-00671, ECF No. 9-4, Att. B, at 2.) On August 29, 2018, Petitioner was sentenced in Pennsylvania to a 168-month term of imprisonment followed by five years of supervised release for bank fraud in Crim. No. 15-00099. (ECF No. 9-4, Att. D, at 15–16.)

The BOP determined that Petitioner's District of New Jersey sentence in Crim. No. 02-00671 was satisfied when it was imposed, and prior custody time credit was awarded from May 14, 2015 (the date Petitioner was arrested by federal authorities) through November 12, 2015 (the final date that prior custody credit applied to Crim. No. 02-00671). (Crim. No. 02-00671, ECF No. 9-4, Att. C, at 12.)

The BOP calculated Petitioner's sentence on his Pennsylvania case, Crim. No. 15-00099, from August 29, 2018 (the date of sentence) and applied prior custody time credit from November 13, 2015 (the day after his time-served violation of supervised release sentence ended in Crim. No. 02-00671) through August 28, 2018 (the day before he was sentenced by Pennsylvania in Crim. No. 15-00099). (ECF No. 16, at 6–7.) Before any First Step Act credit is applied, Petitioner's projected release date is calculated as October 18, 2027. (ECF No. 9-4, Att. E, at 23.)

After exhausting his administrative remedies, Petitioner filed the instant Petition on November 21, 2022.[3] He claims that his Pennsylvania sentence should be credited from May 14, 2015, through November 12, 2015, for the time he served on his most recent New Jersey sentence. (ECF No. 1, at 8.) Petitioner relies on two pages of the July 11, 2016, sentencing hearing transcript, which he claims demonstrates Judge Wolfson's intent for his sentence in the District of New Jersey in 02-00671 to run "concurrent" to the then yet-to-be-imposed sentence in Pennsylvania in Crim. No. 15-00099. (*Id.* at 3.)

## II.    STANDARD OF REVIEW & JURISDICTION

Courts hold *pro se* pleadings to less stringent standards than more formal pleadings drafted by lawyers. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Courts must construe *pro se* habeas petitions and any supporting submissions liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998).

If a court does not dismiss the petition at the screening stage, the court "must review the answer, any transcripts and records . . . to determine whether" the matter warrants an evidentiary

---

[3] Petitioner submitted his habeas petition on September 21, 2022, without a filing fee or *in forma pauperis* ("IFP") application. (*See* ECF No. 1.) This Court administratively terminated the case on October 24, 2022. (ECF No. 2.) Petitioner's filing fee was received on November 9, 2022, and the petition was filed on November 21, 2022. (*See* ECF Docket Sheet.)

hearing. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts (made applicable to proceedings under § 2241 by Rule 1(b)).  "Whether to order a hearing is within the sound discretion of the trial court," and depends on whether the hearing "would have the potential to advance the petitioner's claim." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000); *States v. Friedland*, 879 F. Supp. 420, 434 (D.N.J. 1995) (applying the § 2255 hearing standard to a § 2241 petition), *aff'd*, 83 F.3d 1531 (3d Cir. 1996).

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time" he files his petition. *Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004) (quoting *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989)).

This Court has subject matter jurisdiction under § 2241 to consider the Petition because Petitioner challenges his custody under the laws of the United States, and he was incarcerated in New Jersey at the time he filed the Petition.

## III.    DISCUSSION

Petitioner argues that his sentence in the bank fraud case in Pennsylvania should be credited from May 14, 2015, through November 12, 2015, which is the time he served and was credited towards his violation of supervised release sentence in the District of New Jersey.  (ECF No. 1, at 6–8.)  Petitioner contends that Judge Wolfson expressed an intent that his New Jersey sentence run concurrently to the future sentence in Pennsylvania that had not yet been imposed.  (*Id.* at 3.)  According to Petitioner, this would entitle him to an additional six months of credit on his Pennsylvania sentence.  (*Id.*)  In response, Respondent contends that "18 U.S.C. § 3585(b) and BOP regulations prohibit counting prior custody credits against multiple sentences," and the time

at issue cannot count towards Petitioner's Pennsylvania sentence because the BOP had already credited the six months towards Petitioner's time-served New Jersey sentence. (ECF No. 9, at 2–3, 6–9.) Respondent further argues that Judge Wolfson did not explicitly order the six-months served on Petitioner's District of New Jersey sentence to run concurrent to his later-imposed 168-month Pennsylvania sentence, and circuit courts in other jurisdictions have determined that 18 U.S.C. § 3584(a) impliedly prohibits an earlier federal sentencing court from imposing its sentence consecutively or concurrently to a future federal sentence. (ECF No. 16, at 2–9.)

Under our jurisprudence, the "authority to calculate a federal sentence and provide credit for time served . . . [belongs] to the Attorney General, who acts through the BOP." *Goodman v. Grondolsky*, 427 F. App'x 81, 82 (3d Cir. 2011) (per curiam) (citing *United States v. Wilson*, 503 U.S. 329, 333–35 (1992)). "In calculating a federal sentence, the BOP first determines when the sentence commenced and then determines whether the prisoner is entitled to any credits toward his sentence." *Id.* (citing 18 U.S.C. § 3585). A federal sentence "commences when the defendant is received by the Attorney General for service of his federal sentence." *See*, *e.g.*, *Rashid v. Quintana*, 372 F. App'x 260, 262–63 (3d Cir. 2010) (citing 18 U.S.C. § 3585(a)). "As a result, a federal sentence cannot begin to run earlier than on the date on which it is imposed." *Id.*; *Taylor v. Holt*, 309 F. App'x 591, 592–93 (3d Cir. 2009); *see also Howard v. Longley*, 531 F. App'x 116, 117 (3d Cir. 2013); *Rashid*, 372 F. App'x at 262.

In the present case, Petitioner's sentence for Crim. No. 15-00099 in Pennsylvania commenced on August 29, 2018. (Crim. No. 02-00671, ECF No. 9-4, Att. D, at 15–16.) Petitioner contends that the BOP's determination that he is not entitled to six months' credit toward his Pennsylvania case is contrary to Judge Wolfson's intent to impose a concurrent sentence. (ECF No. 1, at 3.) This Court disagrees.

**A.  Courts Do Not Have Authority to Backdate or Credit a Future Federal Sentence**

First, were this Court to adopt Petitioner's position, Petitioner would effectively receive a credit, as ordinary time served, against his Pennsylvania sentence for the time he spent in custody between May 14, 2015, and November 12, 2015, for which he had already received credit for his District of New Jersey supervised release violation.  This would essentially require Pennsylvania to "backdate" its sentence to commence on May 14, 2015—more than three years prior to the actual sentence date.  However, Petitioner's Pennsylvania sentence "could not commence" at any point earlier than August 29, 2018—the date sentence was imposed. *See Rashid*, 372 F. App'x at 262; *Proctor v. Finley*, No. 19-630, 2020 WL 618621, at *3 (M.D. Pa. Feb. 10, 2020); *Hernandez-Rivera v. Hollingsworth*, No. 16-0551, 2016 WL 4820619, at *6 (D.N.J. Sept. 14, 2016).  More plainly stated, Pennsylvania is without authority to impose a concurrent sentence in this instance because "a district court is without authority to backdate a sentence to commence prior to the date that a sentence of imprisonment is imposed." *United States v. Zwick*, No. 07-425, 2011 WL 666182, at *7 (W.D. Pa. Feb. 14, 2011) (citing  *United States v. Gaskins,* 393 F. App'x 910, 914 (3d Cir. 2010)  (holding that the district court lacked authority under section 3585(a) to order that a sentence commence as of the date of the change of plea proceeding)); *see also Schleining v. Thomas*, 642 F.3d 1242, 1247 (9th Cir. 2011) ("A federal sentence cannot be 'backdated' so as to commence before the district court imposed the federal sentence."); *United States v. Gonzalez*, 192 F.3d 350, 353 (2d Cir. 1999) (holding the district court exceeded its authority when it attempted to backdate the beginning of defendant's federal sentence to the date of his state court arrest); *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980) ("[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served."). "[O]rdering a sentence to run concurrently with another sentence does not allow for backdating a

sentence to commence prior to its date of imposition, or otherwise ignoring the plain language of 18 U.S.C. § 3585(b)." *Tobias v. Warden*, No. 23-43, 2023 WL 6574422, at *4 (E.D. Tex. Sept. 5, 2023).

To the extent Petitioner argues that this Court should have credited a future, not yet imposed sentence in Pennsylvania, this Court lacks authority to grant relief. The BOP—not the district court—is responsible for calculating sentence credit after imposition. *See Goodman*, 427 F. App'x at 82. Because neither this Court nor the BOP have the authority to credit Petitioner's then-future Pennsylvania sentence with the credit awarded to Petitioner's District of New Jersey sentence, BOP's calculation is proper.

## B. Federal Courts Do Not Have Authority to Order a Sentence to Run Concurrent to a Yet-to-Be Imposed Federal Sentence

Next, to the extent Petitioner argues he is entitled to credit from May 14, 2015, through November 12, 2015, as prior custody credit toward his Pennsylvania sentence, this Court is without authority to grant relief. The statute which governs prior custody credit, 18 U.S.C. § 3585(b), states as follows:

> Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *That has not been credited against another sentence.*

(emphasis added). *Wilson*, 503 U.S. at 337 ("Congress made clear that a defendant could not receive a double credit for his detention time.").

"[D]istrict courts have no authority to credit time toward a sentence under § 3585(b)—that function rests in the sole authority of the BOP." *Blood v. Bledsoe*, 648 F.3d 203, 206 (3d Cir. 2011) (citing *United States v. Wilson*, 503 U.S. 329, 333–35 (1992)); *see also Zwick*, 2011 WL 666182, at *7 ("Under 18 U.S.C. § 3585(b), the Bureau of Prisons has the exclusive authority to determine if a defendant is entitled to presentence credit for time served prior to the commencement of his sentence."). Since the BOP has exclusive authority to award presentence credit under section 3585(b), a sentencing court's reference to awarding "credit" to a defendant for time served while in presentence custody is a non-binding recommendation to the BOP, which it is not required to follow. *See Bailey v. Nash*, 134 F. App'x 503, 506 (3d Cir. 2005); *see also United States v. Wilson*, 503 U.S. 329, 333 (1992) ("A district court . . . cannot apply § 3585(b) at sentencing"); *Mehta v. Wigen*, 597 F. App'x 676, 680 (3d Cir. 2015) (holding that the BOP should not have based its ruling regarding section 3585 credit on the actions of the sentencing court because the computation of the credit is made by the BOP, after the defendant begins his sentence); *United States v. Los Santos*, 283 F.3d 422, 427 (2d Cir. 2002); *Gaskins*, 393 F. App'x at 914 ("[T]he term 'credit' can refer to different concepts. The award of 'credit' against a sentence, as described under 18 U.S.C. § 3585(b), is within the exclusive authority of the BOP."); *Dowling v. Carter*, No. 12-177, 2013 WL 2237866, at *4 (N.D.W. Va. May 21, 2013) ("The sentencing court's erroneous calculation of the credit Dowling would receive for time served is irrelevant"); *Chambers v. Holland*, 920 F. Supp. 618, 623 (M.D. Pa. 1996) ("Judge Glasser had no authority to grant petitioner credit for time served prior to the date of his federal sentencing . . . Section 3585 does not permit credit on a federal sentence for time served and credited against another sentence.").

Here, Judge Wolfson sentenced Petitioner to a time-served sentence on his second violation of supervised release on his District of New Jersey case in Crim. No. 02-00671 on July 11, 2016. (Crim. No. 02-00671, ECF No. 9-4, Att. B, at 2.)  Judge Wolfson pronounced the following on the record at Petitioner's July 11, 2016, New Jersey plea and sentencing hearing:

> Whereupon, it is ordered and adjudged that the previously imposed term of supervised release is revoked. The defendant is hereby committed to the custody of the Bureau of Prisons for a period of time served in the amount of 6 months. I will also make clear on the record that if any term of imprisonment is imposed, if there were a conviction in the Eastern District of Pennsylvania, that this term of 6 months, as I have entered it, is not intended to run in any way consecutive to, but would have been concurrent to and has been satisfied by the time already served in custody, and no further time is to be served on this matter and there will be no supervised release to follow.

(Sentencing Tr., Crim. No. 2-00671 (D.N.J.), ECF No. 67, at 21:1–14.)  The BOP awarded the time between May 14, 2015, through November 12, 2015, as prior custody credits in the District of New Jersey case.  (*Id.*)  By ordinary application of the statute, the time at issue was already credited to Petitioner's case in the District of New Jersey and accordingly could not later also be credited to his case in Pennsylvania. *See* 18 U.S.C. § 3585(b).

But Petitioner argues it was Judge Wolfson's intent that he receive a "concurrent" sentence. (ECF No. 1, at 6–7.)  18 U.S.C. § 3584(a) governs the manner in which multiple sentences of imprisonment may be imposed, and provides in relevant part:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an *undischarged term of imprisonment*, the terms may run concurrently or consecutively . . . Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively.  Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a). Federal judges have the discretion to determine whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings. *See Setser v. United States*, 566 U.S. 231, 236 (2012) (citing *Oregon v. Ice*, 555 U.S. 160, 168–69 (2009)). "As only the Judiciary has the power to sentence, only the Judiciary has the actual power to determine whether sentences will run consecutively or concurrently, and the BOP may not overrule the Judiciary's decision once the sentence is imposed." *Rabb v. Wilson*, No. 13-999, 2015 WL 731475, at *3 (E.D. Va. Feb. 19, 2015) (citing *Setser*, 566 U.S. at 237)); *see also Pickett v. Warden McKean FCI*, 726 F. App'x 104, 106 (3d Cir. 2018) (holding that where a sentencing court is silent on whether the federal sentence will run concurrently with a yet-to-be imposed state sentence, the BOP is required to treat the federal sentence as running consecutively); *Turnquest v. Warden Allenwood LSCI*, 643 F. App'x 101, 104 (3d Cir. 2016) (holding that because the sentencing court did not order the federal sentence to run concurrently to a previously imposed state sentence, the BOP was required to treat the federal sentence as consecutive to the state sentences).

In *Setser*, the Supreme Court held that district courts have discretion to order that a federal sentence run consecutively to an anticipated, but not-yet-imposed, state sentence. *Setser*, 566 U.S. at 244–45. Although the Supreme Court did not resolve the issue as it pertains to a federal sentence, the Court implied in dicta, that § 3584(a) does not allow a federal sentence to run consecutively to an anticipated, but not-yet-imposed, federal sentence:

> It could be argued that § 3584(a) impliedly prohibits . . . an order [that a federal sentence run consecutively to an anticipated, but not-yet imposed, federal sentence] because it gives that decision to the federal court that sentences the defendant when the other sentence is "already" imposed—and does not speak (of course) to what a *state* court must do when a sentence has already been imposed. It suffices to say, however, that this question is not before us.

*Id.* at 241, n.4 (emphasis in original).

Although the Third Circuit has not yet ruled on this issue, other circuit courts have relied on *Setser* in holding that a federal court may not order a concurrent sentence on a yet-to-be imposed federal sentence. *See*, *e.g.*, *United States v. Almonte-Reyes*, 814 F.3d 24, 25 (1st Cir. 2016) (holding a federal sentence may not be ordered to be consecutive to another federal sentence that is anticipated but not yet imposed because "[b]y giving such discretion to the later federal sentencing court, § 3584(a) impliedly prohibits an earlier federal court from making that decision with respect to a future federal sentence"); *Montes-Ruiz*, 745 F.3d at 1291 ("In other words, under § 3584, a sentencing federal court is limited to resolving the concurrent/consecutive issue for a sentence that has already been imposed by another federal court, and not for a sentence that has yet to be imposed by another federal court."); *Rey v. Warden, FCC Coleman-Low*, 359 F. App'x 88, 90 (11th Cir. 2009) (affirming the district court's finding that the BOP correctly calculated petitioner's sentence, despite the federal court's imposition of a "concurrent" sentence, because petitioner could not receive credit for time served before sentencing date that was already credited to another case); *United States v. Quintana-Gomez*, 521 F.3d 495, 498 (5th Cir. 2008); *United States v. Smith*, 472 F.3d 222, 226 (4th Cir. 2006) (holding "when [federal] sentences are imposed at different times, § 3584 only authorizes a court to determine whether a sentence should be consecutive or concurrent if the defendant is already subject to an undischarged term of imprisonment.").

In *Montes-Ruiz*, the petitioner was sentenced in federal court to a term of twenty-four months in custody for violation of supervised release, to be served consecutively to the anticipated sentence to be imposed for the substantive offense of attempted reentry into the United States after a prior deportation. *Montes-Ruiz*, 745 F.3d at 1288. A different district court judge subsequently sentenced petitioner on the substantive offense to a consecutive eighteen-month term of

imprisonment. *Id.* The Ninth Circuit held that section 3584 does not permit a federal sentencing court to impose a sentence to run consecutively to another federal sentence that has yet to be imposed. *Id.* at 1293. The court interpreted the language in 18 U.S.C. § 3584(a) to mean "district courts cannot order a sentence to run concurrent or consecutive to a nonexistent term . . ." *Id.* at 1290 (quoting *Taylor v. Sawyer*, 284 F.3d 1143, 1148 (9th Cir. 2002)).

In *Quintana-Gomez*, the Fifth Circuit similarly held that the Northern District of Texas erred by ordering petitioner's sentence run consecutively to the anticipated but not-yet-imposed federal sentence in the Southern District of Texas. *Quintana-Gomez*, 521 F.3d at 498. "[A]s a general principle, one district court has no authority to instruct another district court how, for a different offense in a different case, it must confect its sentence." *Id.*

Other district courts have likewise concluded that a federal sentencing court lacks authority to impose a sentence that is concurrent to a yet-to-be imposed federal sentence. *See, e.g.*, *United States v. Sawyers*, No. 17-595, 2024 WL 4754240, at *5, n.1 (M.D. Fla. Nov. 12, 2024) (the district court observed "[d]espite the Court's statement that the sentences should run concurrently, § 3585(b) bars [petitioner] from also receiving credit for that time toward his sentence on the instant case"); *United States v. Rosario*, 134 F. Supp. 2d 661, 668 (E.D. Pa. 2001) (the district court determined it was without authority to order a sentence for bank robbery to run concurrent to a yet-to-be imposed sentence for violation of supervised release).

Here, Petitioner's argument is based on an incorrect interpretation of Judge Wolfson's intent. Prior to the plea colloquy, Judge Wolfson engaged in the following discussion with Petitioner:

> THE DEFENDANT: I'm a little confused. If you sentence me to 6 months time served, the time that I spent incarcerated on this matter – I've spent 14 months on that time.

THE COURT: You spent that in connection with the Eastern District of Pennsylvania crime, not mine. I've not detained you. You did not have an appearance before me. We had a detainer ordered. So if they released you, you would have been brought before me. But they've never released you. So your time in custody was in connection with that. Essentially, I'm going to allow you to have credit for some of that time you served with me so that there will be no additional time on my sentence.

THE DEFENDANT: Okay.

THE COURT: With the understanding, as well, that if you are at any point in time convicted in connection with that other crime and a custodial sentence is imposed, my sentence would have run concurrent to any sentence imposed and not consecutive to that sentence.

(Sentencing Tr., Crim. No. 2-00671 (D.N.J.), ECF No. 67, at 13:3–23.)

THE COURT: There has only been a detainer that's been filed against you. But my understanding was, to resolve this matter at this point, the parties were willing, both the government and I thought you, to allow you to plead to the C violation with the understanding that the Court was going to not impose any additional time upon you and allow some of the time—if I impose the 6 months—that you've already served in the Eastern District in connection with their detention to be credited. So that, one, if you are acquitted on the crime in the Eastern District of Pennsylvania, there will be no further sentence to serve for me. You would be released. And, two, if you were convicted in the Eastern District of Pennsylvania, none of my time would be tacked on to any sentence you receive. Is that acceptable?

THE DEFENDANT: I just need to get this out. I clearly understand what you are saying. What I didn't understand is, if I was right or wrong—

THE COURT: I'm not ruling on your motion because this is a plea that we are entering into today. If you do not want to accept a plea, then I'll set a date for that motion to be heard.

MR. GRIBKO: And the government does not believe there was a due process violation, and we were going to oppose the motion. We have not yet been ordered to do so. But it's our position that the Interstate Agreement on Detainers allowed the conduct the way it

happened. I don't want to get into the merits of it now. We are
avoiding all that by having this plea hearing.

THE COURT: Right, and I understand, and I would give an
opportunity for you to respond. So that's all we're saying. It's up
to you. I'm not deciding the motion today. So you understand if
you plead—

THE DEFENDANT: Everything goes away.

THE COURT: The motion doesn't get decided, right, and that's the
end, and you are given credit for the time you have been in, and
there's no further sentence on my violation.

THE DEFENDANT: Okay. Well, let's get it over with.

THE COURT: All right. So let me just go through this.

(Sentencing Tr., Crim. No. 2-00671 (D.N.J.), ECF No. 67, at 16:12 to 18:7.)

Judge Wolfson imposed sentence as follows: "if any term of imprisonment is imposed, if
there were a conviction in the Eastern District of Pennsylvania, that this term of 6 months . . . is
not intended to run in any way consecutive to, but would have been concurrent to and has been
satisfied by the time already served in custody, and no further time is to be served on this matter
and there will be no supervised release to follow." (*Id.*, at 21:6–12.)

A logical reading of the transcript is that Judge Wolfson understood that Petitioner was
potentially facing a sentence in Pennsylvania and was presumably aware of her inability to bind a
future district court or its ability to impose sentence. *See Setser*, 566 U.S. at 241, n.4; *Almonte-
Reyes*, 814 F.3d at 25; *Montes-Ruiz*, 745 F.3d at 1291; *Rey*, 359 F. App'x at 90; *Quintana-Gomez*,
521 F.3d at 498; *Smith*, 472 F.3d at 226.  Because Judge Wolfson had no authority to grant
Petitioner credit for time served prior to the Eastern District of Pennsylvania's imposition of
sentence, the statement "this term of 6 months . . . is not intended to run in any way consecutive
to, but would have been concurrent to[,]" is merely aspirational, in hopes that the future sentencing

court would take New Jersey's six-month sentence into account when imposing its sentence. *See Holland*, 920 F. Supp. at 623.  In other words, that Pennsylvania would reduce its sentence by six months in consideration of the time-served sentence already imposed in the District of New Jersey.

Moreover, Judge Wolfson's statement that Petitioner's District of New Jersey sentence "has been satisfied by the time already served in custody, and no further time is to be served on this matter and there will be no supervised release to follow" can easily be interpreted as her deciding to completely resolve Petitioner's pending matter that day without the need for Petitioner to return to New Jersey after serving his sentence in Pennsylvania.  This is supported by the following statement made by Judge Wolfson: "[y]ou spent that [time] in connection with the Eastern District of Pennsylvania crime, not mine. I've not detained you . . . [s]o if they released you, you would have been brought before me."  (*See* Sentencing Tr., Crim. No. 2-00671 (D.N.J.), ECF No. 67, at 13:3–23.)  Accordingly, Judge Wolfson's statements concerning a "concurrent" sentence appear to be an expression of intent that no further time be served on the District of New Jersey case, and that Petitioner's matter within our district be fully resolved, rather than an attempt to bind a future sentence to be imposed in Pennsylvania.

To the extent Petitioner argues that the BOP erred in calculating his credits because Pennsylvania should have ordered its sentence to run concurrent to the District of New Jersey sentence consistent with his claims as to Judge Wolfson's intent, Pennsylvania could not have granted relief because Petitioner's District of New Jersey sentence was fully satisfied as of July 11, 2016.  "[A]ttempting to impose a sentence concurrent to a fully expired sentence is a nullity." *Christie v. Kuta*, Case No. 18-50, 2019 WL 13551430, at *3 (W.D. Pa. Sept. 4, 2019).  "Neither 18 U.S.C. § 3584(a) nor Guideline § 5G1.3 permit a court to order sentences to run concurrently unless a defendant is subject to an *undischarged* term of imprisonment on the date of sentencing—

which is the earliest date the sentences could have commenced under federal law." *United States v. Sears*, Nos. 14-1274 & 14-1275, 2016 WL 3268857, at *9 (W.D. Pa. June 15, 2016) (emphasis added); *see also Prescod, Jr. v. Schuylkill*, 630 F. App'x 144, 147 (3d Cir. 2015) (citing *United States v. Lucas*, 745 F.3d 626, 630 (2d Cir. 2014) (federal courts lack the authority to order that a sentence run concurrently with a sentence which has been completely discharged); *Hasan v. Sniezek*, 379 F. App'x 232, 235 (3d Cir. 2010) (holding that § 5G1.3 "refers only to undischarged terms of imprisonment" and that the defendant had "completed his sentence for the supervised release violation approximately five months before he was sentenced for the instant offense" his sentence had been discharged and the sentences could not run concurrently).

For all of these reasons, this Court finds that Petitioner is not entitled to further credit, and his habeas petition is denied.

## IV.    CONCLUSION

For the foregoing reasons, this Court will deny the Petition.  An appropriate Order follows.


DATED:  July 25, 2025


/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**